IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CYNTHIA G. SMITH, ESQUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11cv922 (JCC/IDD) |
| ) | |
| TIMOTHY PURNELL, ESQUIRE, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Cynthia G. Smith's Motion for Reconsideration [Dkt. 25]. For the following reasons, the Court will deny Plaintiff's Motion.

### I. Background

#### A. Factual Background

The facts of this case are familiar to the Court and are recounted in detail in the December 9, 2011, Memorandum Opinion (the Opinion). Plaintiff Cynthia G. Smith, member of the Virginia Bar, brought a *pro se* Complaint against another lawyer, Defendant Timothy Purnell, for actions that arise out of their independent representation of members of the Wiese family.[1] Plaintiff alleged that Defendant interfered with her contract

---

[1] Although Plaintiff is proceeding *pro se*, she is a licensed attorney. Therefore, Plaintiff "is not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections from the court." *Rossman v. Chase Home Fin., LLC*, 772 F. Supp. 2d 169, 170 n.1 (D.D.C. 2011) (internal quotation marks omitted).

with members of the Wiese family and that Defendant entered into a conspiracy with members of the Wiese family to avoid paying Plaintiff $25,000 in fees for completed work. (Compl. [Dkt. 1] ¶¶ 59, 86, 92). Asserting diversity jurisdiction, the Complaint contained three counts: tortious interference with contract and/or reasonable business expectancy, violation of the Virginia Business Conspiracy Statute, Va. Code. Ann. §§ 18.2-499, 500, and common law civil conspiracy. [Dkt. 1.] Plaintiff sought three million in "direct and compensatory" or "direct and consequential" damages, over $1,050,000 in punitive damages, and treble damages. [Dkt. 1.]

    B.    Procedural Background

On December 9, 2011, this Court dismissed Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), finding that it was barred by a settlement agreement and otherwise failed to state claim for relief. [Dkt. 24.] The Court also denied Plaintiff's Motion for Leave to Amend the Complaint on the grounds that the proposed amendment would have been futile and denied Plaintiff's Motion to Deny Defendant's Motion to Dismiss as Moot. (*Id.*)

On January 6, 2012, Plaintiff filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b). [Dkt. 25.] On January 20, 2012, Defendant filed an Opposition. [Dkt. 27.]

Plaintiff's Motion is now before the Court.

## II.  Standard of Review

A party seeking relief under Rule 60(b) must cross an "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'"  *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).  Once the movant has cleared this threshold, she must then satisfy at least one of the six grounds for relief provided in Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefore to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof."

3

*In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations and quotations omitted). A Rule 60(b) motion may not be used to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995); *see also, United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982) (holding that "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue").

## I. Analysis

The vast majority of Plaintiff's Motion takes issue with this Court's legal analysis. Plaintiff provides a long list of disagreements based on the facts and law that existed at the time of this Court's opinion. For example, Plaintiff argues that "the Court abused its discretion by refusing to allow Plaintiff an opportunity to amend her complaint," "[t]he Court erred by finding that Purnell acted within the scope of a lawful agency-principal relationship," "[t]his court should have concluded that Mr. Purnell's conduct constituted fraud," "[t]his Court should have also concluded that Mr. Purnell is not entitled to the protections which are available to lawful agents," "[t]he court's holding that [certain cases] shield Defendant from liability to Plaintiff is erroneous because these holdings do not stand for such a proposition," "this court erred by failing to allow a jury to determine [certain factual

questions]," "[t]his court's ruling ignores [certain facts]," and "[t]he court's ruling also applies the laws of agency in ways which are internally inconsistent." (Pl.'s Mem. [Dkt. 26] at 9, 11-14.) In addition, Plaintiff argues that this Court's refusal to agree with her would "raise serious questions about the court's impartiality." (Pl.'s Mem. at 12, 29.) Plaintiff's belief that the Court erred in applying the law is not a proper ground for reconsideration under Rule 60(b). As stated above, a Rule 60(b) motion may not be used to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc.*, 57 F.3d at 401.

Turning to the analysis set forth in *Dowell*, despite filing a lengthy memorandum, Plaintiff fails to mention or address the threshold requirements for bringing a Rule 60(b) motion. In considering what constitutes a "meritorious defense" in the context of a Rule 60(b) motion for relief from default judgment, the Fourth Circuit found that "a meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . ." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 252 n.8 (4th Cir. 1974)). Plaintiff fails to address this and, as touched on above, takes to expanding, rehashing and restating legal arguments previously addressed. (Reply at 3-

5

15.) This Court has already considered whether the Complaint and the proposed Amended Complaint would survive a motion to dismiss. It concluded that they do not. And, that conclusion resulted from this Court's analysis of the facts as pled by Plaintiff and the law; not from bias or impartiality. After reviewing the briefing here, this Court finds that Plaintiff's arguments have no more merit now than they did then. "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell*, 993 F.2d at 48.

Nor has Plaintiff demonstrated the presence of "exceptional circumstances" necessary to meet the *Dowell* threshold. Plaintiff argues that she suffered from a physical illness that prevented her from timely filing "an enlarged Opposition to Defendant's Motion to Dismiss." (Pl.'s Mem. at 30.)[2] First, Plaintiff filed an opposition on December 1, 2011, which this Court considered in its December 9, 2011 Memorandum Opinion. Second, Plaintiff's "enlarged opposition" was filed on December 11, 2011, after this Court had dismissed the instant action, and well after Plaintiff's extended deadline for filing her opposition, which was November 17, 2011. Plaintiff's illness did not prevent her from filing, on November 17, 2011,

---

[2] In granting Defendant's motion to dismiss the Complaint on the grounds that it was barred by a settlement agreement and failed to state a claim upon which relief could be granted, this Court also noted that Plaintiff had failed to file timely opposition to the Motion to Dismiss. [Dkt. 24.]

6

multiple motions and a proposed Amended Complaint that contained a significant quantity of new information.  Thus, Plaintiff's illness does not constitute excusable neglect in this case nor does it provide an exceptional circumstance.

Even assuming arguendo that Plaintiff has met the *Dowell* threshold to properly assert a Rule 60(b) motion, Plaintiff has failed to demonstrate a valid Rule 60(b) claim. Plaintiff argues that she is entitled to reconsideration on the grounds of "mistake," "misrepresentation by an opposing party" and "any other reason that justifies relief."  (Pl.'s Mem. at 1.)

To the extent that the Court can discern "mistakes" and "misrepresentation" from Plaintiff's Motion and Memorandum in Support, they relate to Plaintiff's arguments that this Court failed to properly apply the law.  As discussed above, this is not a basis for reconsideration.  This leaves Plaintiff with only the "catch-all provision" - Rule 60(b)(6).  *Fattahi v. BATF*, 195 F. Supp. 2d 745, 748 n.6 (E.D. Va. 2002).  While a Court may relieve a party from a final judgment under Rule 60(b)(6) for "any other reason that justifies relief" (Fed. R. Civ. P. 60(b)(6)), such a motion "may not be granted absent 'extraordinary circumstances.'"  *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (citations omitted).  Plaintiff neither

7

Case 1:11-cv-00922-JCC-IDD Document 30 Filed 03/20/12 Page 8 of 8 PageID# 291

provides a reason that justifies relief nor demonstrates extraordinary circumstances.

### IV. Conclusion

For these reasons, the Court will deny Plaintiff's Motion.

An appropriate Order will issue.

                                                                     /s/

March 20, 2012                            James C. Cacheris
Alexandria, Virginia           UNITED STATES DISTRICT COURT JUDGE

8